UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **CRIMINAL NO.** 18- 10074 |
| | ) | |
| | ) | |
| v. | ) | **VIOLATIONS:** |
| | ) | 18 U.S.C. § 1349 |
| | ) | (Conspiracy to Commit Mail and Wire Fraud) |
| | ) | |
| | ) | 18 U.S.C. § 981 & 28 U.S.C. § 2461 |
| PETER ANTHONY CHIN, Jr. | ) | (Forfeiture) |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE
### (Conspiracy to Commit Mail and Wire Fraud – 18 U.S.C. § 1349)

1.      Beginning no later than March 7, 2012, and continuing through on or about June 1, 2017, in the District of Massachusetts and elsewhere,

PETER ANTHONY CHIN, Jr.

the defendant herein, together with others known and unknown to the Grand Jury, did knowingly conspire, combine, confederate, and agree to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, caused: 1) mail matter to be sent, delivered and received, in violation of Title 18, United States Code, Section 1341; and 2) writings, signs, signals, pictures, and sounds to be transmitted by means of wire communication in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

1

## OBJECTIVE OF THE CONSPIRACY

2.      The object of the conspiracy was to obtain money for CHIN and others known and unknown to the Grand Jury, through a fraudulent lottery scheme targeting victims in the United States.

## MANNER AND MEANS OF THE CONSPIRACY

3.      The manner and means of the conspiracy to commit mail and wire fraud included, but were not limited to, the following:

a.      It was part of the conspiracy that between 2012 and 2017, the conspirators targeted multiple victims living in the United States, including a Massachusetts resident, who ranged in age from 69 to 91.

b.      It was part of the conspiracy that conspirators informed the victims in phone calls, by email, and by mail, that the victims had won millions of dollars in a lottery but that the victims had to pay taxes and other fees on their purported winnings before the funds could be released.

c.      It was further part of the conspiracy that the victims were directed to, and did, mail and wire funds in payment of the purported taxes and fees to CHIN and his co-conspirators, and to CHIN's associates.

d.      It was further part of the conspiracy that CHIN kept a portion of these funds for himself and then distributed the rest as directed by his co-conspirators, including by wiring funds to Jamaica and elsewhere.

e.      It was further part of the conspiracy that CHIN and his co-conspirators secured fraudulent identification documents, such as driver's licenses, to enable them to avoid monetary limits that money remitting businesses, such as Western Union, had placed on their ability to continue to wire funds to Jamaica and elsewhere.

2

## ACTS IN FURTHERANCE OF THE CONSPIRACY

4.     The acts in furtherance of the conspiracy included, but were not limited to, the following:

a.     On or about March 17, 2012, at the direction of CHIN's co-conspirators, an individual residing in Indiana wired $2,509 in purported lottery taxes and fees to CHIN's wife.

b.     On or about March 1, 2013, at the direction of CHIN's co-conspirators, an individual residing in Massachusetts mailed a treasurer's check for $93,633.33 in payment of purported lottery taxes and fees to a co-conspirator residing in New York. Thereafter, on or about March 20, 2013, that co-conspirator wired $25,000 to a bank account held by CHIN's wife.

c.     On or about March 20, 2015, at the direction of CHIN's co-conspirators, an individual residing in Hawaii mailed a package containing $5,000 in cash in purported lottery taxes and fees to "Brian Baker" at the Atlanta, Georgia address where CHIN lived at that time.

d.     On or about October 7, 2015, at the direction of CHIN's co-conspirators, an individual residing in Pennsylvania, mailed a Federal Express package containing a $34,900 cashier's check for purported lottery taxes and fees to CHIN at CHIN's then-address in Fairburn, Georgia.   On or about October 9, 2015, the $34,900 cashier's check was deposited into CHIN's Woodforest National Bank checking account ending in -8158, for which CHIN was the sole signatory.

e.     On or about December 2, 2015, at the direction of CHIN's co-conspirators, an individual residing in Florida wired $76,400 to a Wells Fargo bank account ending in -

3

1371, held by a relative of CHIN ("R1"), who resided in Hampton, Georgia.    Thereafter, on or about December 3 and December 4, 2015, R1 purchased a $15,000 cashier's check made payable to CHIN and a $34,000 cashier's check made payable to one of CHIN's co-conspirators.    On or about December 4, 2015, CHIN cashed the $15,000 cashier's check.

f.    On or about December 3, 2015, the same Florida individual also wired $65,900 in payment of purported lottery taxes and fees to a Wells Fargo bank account ending in - 4468, which belonged to another CHIN relative ("R2").    Thereafter, between December 4 and December 14, 2015, R2 purchased four cashier's checks, all made payable to CHIN, in the amounts of $16,000, $8,880, $15,000 and $7,000, and all of which CHIN cashed.

g.    On or about June 1, 2017, at the direction of CHIN's co-conspirators, an individual residing in Oregon sent an Express Mail package containing an unknown amount of cash for the payment of purported lottery taxes and fees to "Terrance Nealy" at the Atlanta address where CHIN currently resides.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

5.      Upon conviction of the offense as alleged in Count One of this Indictment,

PETER ANTHONY CHIN, JR.

the defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and

28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from

proceeds traceable to such violation.

6.      If any of the property described in paragraph 5 above, as a result of any act or

omission of the defendant --

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of this Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without

    difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28

U.S.C. §2461(c), to seek forfeiture of any other property of the defendant up to the value of the

property described in paragraph 5.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY


_Sandra S. Bower_
SANDRA S. BOWER
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS;    March 28 , 2018

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

6